NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-5037

GEORGIA L. MARKS
(next friend of Brandon D. James),

Petitioner-Appellant,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent-Appellee.

<u>Georgia L. Marks</u>, of Houston, Texas, pro se

<u>Vincent J. Matanoski</u>, Assistant Director, Torts Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With him on the brief were <u>Peter D. Keisler</u>, Assistant Attorney General, <u>Timothy P. Garren</u>, Director, and <u>Mark W. Rogers</u>, Deputy Director.

 Appealed from:  United States Court of Federal Claims

Judge Lynn J. Bush

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-5037

GEORGIA L. MARKS,
(next friend of Brandon D. James),

Petitioner-Appellant,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent-Appellee.

_____

DECIDED:  August 7, 2007

_____

Before NEWMAN, LOURIE, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Georgia Marks, as next friend of her son, Brandon James, appeals the decision of the United States Court of Federal Claims affirming the decision of the special master and denying compensation for an injury James suffered after receiving a Hepatitis B vaccine.  <u>Marks v. Sec'y of Health & Human Servs.</u>, No. 99-761V (Fed. Cl. Jan. 30, 2007).  Because we find nothing arbitrary or capricious about the special master's factual findings, we <u>affirm</u> the judgment of the Court of Federal Claims.

DISCUSSION

We review the Court of Federal Claims' review of a special master's decision without deference. Walther v. Sec'y of Health & Human Servs., 485 F.3d 1146, 1148 (Fed. Cir. 2007). In that review, we affirm the special master's factual determinations unless "arbitrary and capricious," and modify legal conclusions if we determine they are "not in accordance with law." Id.

Marks pursued a claim for compensation for James's swelling or lymphangioma, an injury not appearing on the Vaccine Injury Table. 42 C.F.R. § 100.3. She therefore presents an off-Table claim, and must prove, among other things, actual causation. Walther, 485 F.3d at 1149. To prove actual causation, a petitioner must demonstrate "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect; and (3) a proximate temporal relationship between the vaccination and the injury." Id. at 1150.

The special master found that Marks's evidence of causation could not be found in the medical records. Marks v. Sec'y of Health & Human Servs., No. 99-761V, slip op. at 5–6 (June 2, 2006). The special master criticized Marks's evidence from Dr. Campbell as not amounting to an expert opinion and failing to prove causation, at least because it lacked a medical theory or any basis for his conclusions. Id., slip op. at 6–7. Further, the special master considered the testimony of Terri Jarreau, who cared for James and Marks following James's birth, and concluded that Jarreau's testimony cast doubt upon Marks's contention that James's leg was extremely swollen after the first shot. Id., slip op. at 7–8.

Highlighting medical records created at James's birth, the special master confirmed his earlier findings that the lymphangioma pre-dated the vaccinations and that James received the first vaccination in his right leg—not the leg with the lymphangioma. Id., slip op. at 8. We find nothing arbitrary or capricious about the special master's factual findings. Dr. Campbell's letter does not amount to an opinion sufficient to prove causation, and the medical records from James's birth directly contradict a showing of causation by the vaccine. Accordingly, we affirm the decision by the Court of Federal Claims.

No costs.